**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 1:16-bk-10613 |
| | ) | |
| Jeannette M. Conrad | ) | |
| | ) | Chapter 7 |
| | ) | |
| Debtor | ) | **Hon. Beth A. Buchanan** |
| | ) | U.S. Bankruptcy Judge |

MOTION OF THE UNITED STATES TRUSTEE TO
DISMISS CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 707(a)

Daniel M. McDermott, the United States Trustee for Region 9, hereby moves this Court for an Order of dismissal under 11 U.S.C. § 707(a)(3), and Fed. R. Bankr. P. 1017(c), because the Debtor failed to file a certificate from an approved credit counseling agency indicating that she completed the services as required by 11 U.S.C. § 109(h)(1). The request of the United States Trustee for dismissal is made pursuant to the supervisory duties enunciated in 28 U.S.C. § 586 (a)(3), and the authority of this Honorable Court to dismiss a Chapter 7 case for cause under 11 U.S.C. § 707(a)(3).

The Debtor filed a Chapter 7 petition on February 25, 2016 and failed to file the required Credit Counseling Certificate. The Debtor indicated on Exhibit D Individual Debtor's Statement of Compliance with Credit Counseling Requirement that she did not receive the required Credit Counseling Certificate prior to filing the Chapter 7 petition. Therefore, the United States Trustee moves for dismissal under § 707(a).

Section 707 (a) permits a Bankruptcy Court to dismiss a Chapter 7 case for cause. Specifically, § 707 (a) provides:

(a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including B

    (1) unreasonable delay by the debtor that is prejudicial to creditors;

    (2) nonpayment of any fees or charges required under chapter 123 of title 28; and

    (3) failure of the debtor in a voluntary case to file ... the information

required by paragraph (1) of section 521...[1]

Section 521 (b) (1) states that the debtor must file with the Court the certificate he or she receives from the budget and credit counseling agency under section 109(h).   Section 109(h) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, states, "an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition...received from an approved nonprofit budget and credit counseling agency...an individual or group briefing."[2]

Simply put, an individual must receive credit counseling within the 180 days preceding filing for bankruptcy protection.[3]   See also, *In re Stuckey*, #13-12196, J. Buchanan (S.D. Ohio, June 5, 2013 and *In re Erkins*, #12-15640, J. Buchanan (S.D. Ohio, November 30, 2012).

In the absence of the certificate of an approved nonprofit budget and credit counseling agency verifying the receipt of timely credit counseling prior to filing, an individual is ineligible to be a Debtor under the Bankruptcy Code, thereby requiring dismissal of the case.   In this case, the Debtor does not satisfy the requirements of § 109(h)(3), which mandates that the debtor certify the exigent circumstances that merit the waiver.   See § 109(h)(3)(A)(i),(ii) and (iii).

In the absence of the certificate of an approved nonprofit budget and credit counseling agency verifying the receipt of timely credit counseling prior to filing this petition, the Debtor is ineligible to be a Debtor under the Bankruptcy Code.   Therefore, this case must be dismissed.

In conclusion, the United States Trustee has established that sufficient cause exists for this case to be dismissed pursuant to § 707(a) because the Debtor failed to receive the required Credit Counseling Certificates prior to filing the Chapter 7 petition.

---

[1] 11 U.S.C. § 707 (a).

[2] The full text of § 109(h)(1) is as follows:
(h) (1) Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

[3] *In re Cleaver*, 333 B.R. 430 (Bankr. S.D. Ohio 2005).

WHEREFORE, the United States Trustee respectfully requests that this Court dismiss this case for cause under 11 U.S.C. § 707(a), and any other and further relief as this Honorable Court deems appropriate.

Respectfully Submitted:

Daniel M. McDermott
United States Trustee
Region 9

Date: March 2, 2016   By:

/s/ Douglas N. Hawkins
Douglas N. Hawkins (#0038585)
Attorney for the United States Trustee
United States Department of Justice
Office of the United States Trustee
36 East Seventh Street, Suite 2030
Cincinnati, Ohio   45202
Voice: (513) 684-6988 ext. 225
Fax (513) 684-6994
e-mail: doug.hawkins@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2016, a copy of the foregoing MOTION OF U.S. TRUSTEE TO DISMISS CHAPTER 7 CASE was served on the following registered ECF participants, electronically through the Court's ECF System, at the email address registered with the Court:

Norman Slutsky, Esq.
Chapter 7 Trustee

By regular mail:

Jeannette M. Conrad
1059 Stratford Court
Loveland, Ohio 45140

/s/ Douglas N. Hawkins
Douglas N. Hawkins